Ramon REYNA, Appellant

v.

The STATE of Texas.

No. PD–0255–04.

Court of Criminal Appeals of Texas.

June 29, 2005.

---

Ronald W. Danforth, McKinney, for Appellant.

Jeffrey Garon, Asst. District Atty., McKinney, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, PRICE, HERVEY, and COCHRAN, JJ., joined.

At Ramon Reyna's trial, he attempted to introduce evidence which the trial judge excluded. He did not argue that the Confrontation Clause demanded admission of the evidence, but the Court of Appeals reversed the conviction on these grounds. We conclude that the appellate court erred because Reyna, as the proponent of the evidence, was required to offer the evidence for its admissible purpose, and he did not do so.

### FACTS

Reyna was charged with indecency with a child. At trial, after the State had examined the victim, Reyna sought to introduce evidence of the victim's prior false allegation of sexual assault and her recantation of that allegation. The judge conducted the following *in camera* hearing:

[DEFENSE COUNSEL]: Your Honor, for the record, the witness in front of the Court now is named [the victim]. The question that I would put to her is whether or not she was the victim of a sexual assault by a Mr. Miorga, her mother's boyfriend. The date of the event would have occurred in 1995 or '96, where she took her two siblings and ran across the street to another house to report the sexual misconduct. And subsequent to that Angela was informed by the children what had happened, and Grandma Pat Reyna was also informed what had happened. And that after the incident was discussed amongst the adults and the children, [the victim] would testify that it did not happen, and that the allegation was false and no

charges were filed against Mr. Miorga. The witnesses that also would testify similar to that testimony would be Pat Reyna, the grandmother; Les Gage, the, I guess you call step-father; Angela Rhea, [the victim]'s mother; Leslie Gage, [the victim]'s sister; and Joshua Gage, is [the victim]'s brother.

THE COURT: What you are saying is she would testify that she made an allegation of sexual abuse against a man in '95, and then admitted that it didn't happen, and she would testify it never happened?

[DEFENSE COUNSEL]: That's correct.

THE COURT: The purpose of bringing that in?

[DEFENSE COUNSEL]: Credibility issue at this point in time, Your Honor. She's making similar allegations later on against another gentleman. And I'm not offering it to prove the truth of the matter asserted. I'm not offering it to go into her sexuality. I'm offering it to demonstrate that as to prior sexual activities, that she made allegations that there were prior sexual allegations, and recanted.

THE COURT: State objects?

[PROSECUTOR]: Yes.

THE COURT: The objection is sustained.

The judge then ordered that the record of the hearing be sealed for appeal.

## PROCEDURAL HISTORY

The jury found Reyna guilty and assessed punishment at 10 years in prison and a $10,000 fine. The judge followed the jury's recommendation to suspend the sentence and placed Reyna on community supervision for 10 years.

Reyna filed a motion for new trial arguing that "[e]vidence was withheld from the trier of fact in violation of the laws of the State of Texas." He did not elaborate but cited *Kesterson v. State*[1] and *Fox v. State*[2] in support. The motion was overruled by operation of law.

On appeal, Reyna argued in his third point of error that the trial court erred "in regards to the matters of the hearing outside the presence of the jury." Within this point, he "urge[d] any and all points of error from the sealed hearing." He argued he was "denied a fair and impartial trial based upon the exclusion of evidence which was exculpatory in nature." And he argued that he was denied his right to "fully cross examine critical witnesses, including but not limited to the accusing witness." He offered no authority or argument in his brief, although he did state that he brought "to the attention of the trial court" *Kesterson* and *Fox.*

The Court of Appeals resolved these arguments in Reyna's favor in a single sentence: "Evidence that a complainant has made previous false allegations of sexual misconduct is admissible."[3] The court cited but did not discuss *Hughes v. State*[4] and *Thomas v. State.*[5]

---

1.  997 S.W.2d 290 (Tex.App.-Dallas 1999, no pet.)

2.  115 S.W.3d 550 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd).

3.  *Reyna v. State*, No. 11–02–00232–CR, 2003 WL 22838752 (Tex.App.-Eastland, November 26, 2003) (not designated for publication).

4.  850 S.W.2d 260 (Tex.App.-Fort Worth 1993, pet. ref'd).

5.  669 S.W.2d 420 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd).

The State moved for rehearing and simultaneously filed a motion to view the sealed record. The Court of Appeals granted the motion to view the record but overruled the motion for rehearing.

We granted the State's petition for discretionary review on four grounds.

## ANALYSIS

### Sealed Record

■ The State argues in its first ground for review that the Court of Appeals erred in reversing the judgment without unsealing the record. The State contends that, since the *in camera* hearing never should have been sealed in the first place, the Court of Appeals should have unsealed the record and allowed the parties to review it and brief the issues accordingly. In lieu of that, the State argues, the Court of Appeals should have independently reviewed the record and determined whether any issues were preserved.

We agree that the appellate court should have unsealed the record. As the Court of Appeals recognized, there was no basis for sealing the record in this case.[6] Although the trial judge's rationale is not revealed in the record, the parties and the appellate court presume that the judge sealed the record pursuant to Evidence Rule 412(d). But as the Court of Appeals notes, that rule applies to cases of sexual assault, aggravated sexual assault, or an attempt to commit those offenses.[7] It does not on its face apply to a case of indecency with a child.

Since the record of the *in camera* hearing never should have been sealed, the appellate court should have unsealed it and allowed the parties to view it before briefs were filed. Nevertheless, after handing down its opinion, the Court of Appeals granted the State's motion to view the record, and both parties have had the opportunity to review it in filing briefs before this Court. We therefore proceed to the merits of the case.

### Preservation of Error

■ In its second ground for review, the State complains that Reyna made only an evidentiary argument to the trial judge, but the appellate court reversed the conviction on constitutional grounds. Although the Court of Appeals did not mention the Confrontation Clause in its opinion, the cases that it cited both rely on the Confrontation Clause. The State contends that Reyna failed to preserve this constitutional argument in the trial court and, as a result, it should not be the basis for reversal on appeal.

### *Legal Background*

At first blush, the State's argument appears to lack merit. We have held, and the Rules of Evidence make clear, that to preserve error in the exclusion of evidence, the proponent is required to make an offer of proof and obtain a ruling.[8] Since Reyna did both these things, he seems to have preserved error.

■ But a less common notion of error preservation comes into play in this case, although certainly not a novel one. Professors Goode, Wellborn and Sharlot refer to it as "party responsibility." They explain it this way:

6. *Reyna*, slip op. at 5.

7. *Id.*

8. *Williams v. State*, 937 S.W.2d 479, 489 (Tex. Crim.App.1996); *Green v. State*, 840 S.W.2d 394, 407 (Tex.Crim.App.1992); *Stewart v. State*, 686 S.W.2d 118, 122 (Tex.Crim.App. 1984); Tex.R. Evid. 103(a)(2).

To the question, which party has the responsibility regarding any particular matter, it is infallibly accurate to answer with another question: which party is complaining now on appeal? This is because in a real sense both parties are always responsible for the application of any evidence rule to any evidence. Whichever party complains on appeal about the trial judge's action must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule in question and its precise and proper application to the evidence in question.[9] The basis for party responsibility is, among other things, Appellate Rule 33.1. It provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the party "stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint."[10] So it is not enough to tell the judge that evidence is admissible. The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible.

We recently discussed this notion in *Martinez v. State.*[11] There, the defendant moved to suppress oral statements due to the State's failure to comply with Art. 20.17. The State argued for the first time on appeal that Art. 20.17 did not apply. We concluded that the State forfeited this argument by failing to bring it to the trial judge's attention. We explained that "both Texas Rule of Appellate Procedure 33.1 and Texas Rule of Evidence 103 are 'judge-protecting' rules of error preservation. The basic principle of both rules is that of 'party responsibility.'"[12] We recognized that "the party complaining on appeal (whether it be the State or the defendant) about a trial court's admission, exclusion, or suppression of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question."[13] The issue, we said, "is not whether the appealing party is the State or the defendant or whether the trial court's ruling is legally 'correct' in every sense, but whether the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal."[14]

Similarly, in *Willover v. State,*[15] the defendant sought to admit two videotaped interviews of the victim. At trial, "it [was] clear that, although [the defendant] did not actually recite the specific rule of evidence he was relying upon, [he] sought to admit the videotapes for impeachment purposes. [He] did not argue, nor was there any discussion at trial, that the tapes were not hearsay or that the videotapes were admissible under any exception to the hearsay rule other than Article 38.071 or for impeachment purposes."[16]

On appeal, the defendant argued for the first time that the videotapes were not

---

**9.**  1 Stephen Goode, *et al.,* Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal § 103.2 (2d ed.1993) (emphasis deleted).

**10.**  Tex.R.App. P. 33.1(a)(1).

**11.**  91 S.W.3d 331 (Tex.Crim.App.2002).

**12.**  *Id.* at 335.

**13.**  *Id.* at 335–36 (internal quotations omitted).

**14.**  *Martinez,* 91 S.W.3d at 336, *citing State v. Mercado,* 972 S.W.2d 75 (Tex.Crim.App. 1998).

**15.**  70 S.W.3d 841 (Tex.Crim.App.2002).

**16.**  *Id.* at 844.

hearsay. We relied on the notion of "party responsibility" to reject this argument because "[i]n order to have evidence admitted under a hearsay exception, the proponent of the evidence must specify which exception he is relying upon."[17] It was up to the defendant, we said, and "not the trial court, to specify which exception to the hearsay rule he was relying upon or to specify how the evidence was not hearsay."[18]

In some cases, we have applied the "party responsibility" theory without using those precise words. In *Clark v. State*,[19] the State presented the testimony of Dr. James Grigson that the defendant would be a future danger. The defendant sought at trial to introduce a letter and accompanying report which listed eleven individuals convicted of capital murder whose sentences had later been commuted or reduced. In several of those cases, Dr. Grigson had predicted that the individual would be a future danger. The trial court refused to admit the evidence.[20]

On appeal, the defendant argued that the excluded evidence was admissible to impeach Dr. Grigson and show that his prior future dangerousness predictions had turned out to be incorrect. But the defendant had not articulated this basis for admission at trial. At trial, he had argued the evidence was admissible to impeach statements that Dr. Grigson had made in Lubbock County. The State had objected that the impeachment went to a collateral matter, and the trial judge had agreed.

We rejected the defendant's argument on appeal because he "did not clearly articulate" that he wanted to admit the evidence to demonstrate Grigson's past mistakes in predicting future dangerousness.[21] We said that the trial judge "never had the opportunity to rule upon [the defendant's] appellate rationale."[22] Since the defendant "did not sufficiently clearly expressly offer the evidence for the purpose which he now claims on appeal," that argument could not be raised on appeal.[23]

Finally, in *Jones v. State*,[24] the defendant sought at trial to admit the grand jury testimony of a witness who asserted her Fifth Amendment privilege against self-incrimination and refused to testify. The State objected, claiming hearsay. We concluded that the defendant failed to preserve error because he never specified which portions of the witness's testimony he wanted to. admit into evidence.[25] We said:

> The trial court need never sort through challenged evidence in order to segregate the admissible from the excludable, nor is the trial court required to admit only the former part or exclude only the latter part. If evidence is offered and challenged which contains some of each, the trial court may safely admit it all or exclude it all, and the losing party, no matter who he is, will be made to suffer on appeal the consequences of his insufficiently specific offer or objection. In this case, because the trial court chose to exclude the evidence, appellant is the party adversely affected by his own default. Because appellant failed to speci-

17. *Id.* at 846 and n. 4.

18. *Id.* at 845–56.

19. 881 S.W.2d 682 (Tex.Crim.App.1994).

20. *Id.* at 694.

21. *Id.*

22. *Id.*

23. *Id.*

24. 843 S.W.2d 487 (Tex.Crim.App.1992).

25. *Id.* at 492–93.

fy which portion of the transcript he intended to introduce into evidence, the court was presented with a proffer containing both admissible and inadmissible evidence. When evidence which is partially admissible and partially inadmissible is excluded, a party may not complain upon appeal unless the admissible evidence was specifically offered.[26]

### Application

In this case, Reyna argued to the trial judge that the evidence should be admitted for "credibility." He said that he was "not offering it to prove the truth of the matter asserted" and "not offering it to go into her sexuality." Instead, he argued, "I'm offering it to demonstrate that as to prior sexual activities, that she made allegations that there were prior sexual allegations, and recanted."

Reyna did not cite to any rules of evidence, cases, or constitutional provisions. Reyna's references to "the truth of the matter asserted" reflect that he was arguing that the evidence was not hearsay under Evidence Rule 801(d). His claim that he was not offering it "to go into her sexuality" reflects his argument that the evidence should not be excluded under Evidence Rule 412(b). These arguments are both based on the Rules of Evidence. Reyna's reference to "credibility" could be a reference to either the Rules of Evidence or the Confrontation Clause.

Reyna told the trial judge that the purpose of admitting the evidence was to attack the victim's credibility, but he did not provide the basis for admitting the evi-

dence. He could have been relying on the Rules of Evidence or the Confrontation Clause. It was up to the judge to discern some basis for admitting the evidence.

▮▮▮▮ We have said that "[t]he purpose of requiring [an] objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection."[27] When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error.[28] An objection on hearsay does not preserve error on Confrontation Clause grounds.[29]

Although this case involves a proffer of evidence rather than an objection, the same rationale applies. Reyna did not argue that the Confrontation Clause demanded admission of the evidence. Reyna's arguments for admitting the evidence could refer to either the Rules of Evidence or the Confrontation Clause. His arguments about hearsay did not put the trial judge on notice that he was making a Confrontation Clause argument. Because Reyna "did not clearly articulate" that the Confrontation Clause demanded admission of the evidence, the trial judge "never had the opportunity to rule upon" this rationale.[30] As the losing party, Reyna must "suffer on appeal the consequences of his insufficiently specific offer."[31] Reyna did not do "everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in ques-

---

**26.** *Id.*

**27.** *Martinez v. State,* 22 S.W.3d 504, 507 (Tex. Crim.App.2000).

**28.** *Cantu v. State,* 939 S.W.2d 627, 634 (Tex. Crim.App.1997).

**29.** *Paredes v. State,* 129 S.W.3d 530, 535 (Tex. Crim.App.2004).

**30.** *See Clark,* 881 S.W.2d at 694.

**31.** *See Jones,* 843 S.W.2d at 492.

tion." [32] The Court of Appeals erred in reversing Reyna's conviction on a ground that he did not present to the trial judge.

## JUDGMENT

Because of our resolution of the State's first two grounds for review, we need not reach the remaining grounds. They are dismissed. We reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court.

HOLCOMB, J., filed a dissenting opinion in Part I of which WOMACK, J., joined and in which JOHNSON, J., joined in full.

HOLCOMB, J., filed a dissenting opinion, in which JOHNSON, J., joins. WOMACK, J., joins as to part I.

Today, the Court engrafts yet another new requirement—"party responsibility"— onto our preservation of error rules, see TEX.R.APP. P. 33.1; TEX.R. EVID. 103, and in so doing again denies a criminal defendant an enumerated constitutional right, see e.g., Keeter v. State,[1] in this case, the right to confrontation. Because this novel theory is not applicable to the facts at hand, I respectfully dissent.

### DISCUSSION

### I.

I would hold that the offer of proof here and trial counsel's reasons for requesting the right to question the witness about a subsequent accusation and recantation, preserved error of a confrontation com-

plaint because it was made with "sufficient specificity to make the trial court aware of [a confrontation] complaint," and, the complaint was "apparent from the context of the objection." See TEX.R.APP. P. 33.1. The language of Rule 33.1 does not support the majority's "party responsibility notion." Supra at 177. Specifically, Rule 33.1 provides that error is preserved if "the specific grounds [not ground] are apparent from the context." This language, of course, implies that more than one ground may be preserved by a general request for the admission of evidence [or objection to evidence] if the grounds supporting admission are apparent from the context. The Court's holding today lops off half of the rule; that is, if there could be more than one ground for admission raised by a general argument for admission of evidence, the proponent of the evidence loses automatically, unless of course he splits hairs, something we have said a party is not required to do to. See Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim.App.1992).[2] Nevertheless, as explained in the following discussion, I believe the record supports the fact that appellant preserved just one complaint—a confrontation clause complaint; and therefore, the majority's application of its "less common notion" is in error.

The majority reasons that the less common notion of "party responsibility" prevents admission here because at least two grounds for admission of the evidence were articulated by defense counsel, the proponent of the evidence. However, a careful reading of defense counsel's argu-

---

**32.** See Martinez, 91 S.W.3d at 335–36.

**1.** PD–1012–03, —— S.W.3d ——, ——, 2005 WL 766974, *1-3, 2005 Tex.Crim.App. LEXIS 521 *9–14 (Tex.Crim.App.2005) (holding appellant did not preserve Brady claim where factual issue of disclosure by prosecutor of impeachment evidence was litigated in motion for new trial).

**2.** We have held that "No technical considerations or form of words" are required to preserve error for review. Id. (straightforward communication in plain English will always suffice if it lets the trial judge know what the party wants and why he thinks himself entitled to it).

ments belies the majority's reasoning. Defense counsel made two arguments that the evidence should not be excluded under the rules of evidence. First, he argued that the evidence was not subject to exclusion under the hearsay rules because it was not hearsay—it was not being admitted for the truth of the matter asserted therein. Second, and also in an apparent effort to counter an anticipated argument—i.e., that the court should exclude the evidence based on Rule of Evidence 412(b), defense counsel argued that he was not offering the evidence "to go to her sexuality." Both of these arguments were responses to anticipated arguments for exclusion of the evidence that the State never made.[3] On the other hand, defense counsel's third argument that the evidence should be *admitted* centered on his right to test the credibility of the witness before the jury, which is clearly a reference to the Confrontation Clause.

Speaking for defense counsel, however, the majority reasons that his "reference to credibility could be a reference to either the Rules of Evidence or the Confrontation Clause"; and because this fatal error so confused the trial judge, we now may summarily deny appellant his right to review based on the Confrontation Clause. *Supra* at 179. *See* TEX.CODE CRIM. PROC. ANN. § 44.02.

Although the majority demands specificity from defense counsel, it is not willing to name the rule (or rules) of evidence it attributes to appellant. Should a reviewing court demand that parties make their objections so specific that no more than one ground for relief could be intertwined within another possible ground for relief,[4]

the other unnamed ground for relief should be specifically articulated. But because the majority does not do this, I will review every rule of evidence that uses the word "credibility" (as it relates to witnesses before the jury) to determine whether such an evidentiary argument can be reasonably attributed to appellant.

Rule 607, which is entitled "Who May Impeach" provides that, "The credibility of a witness may be attacked by any party, including the party calling the witness." The majority cannot reasonably conclude that defense counsel was invoking this rule because he was not being denied the right to attack the witness's credibility. Rather, defense counsel thoroughly cross-examined the witness after the *in camera* request to question her about a similar accusation she made against another man. Additionally, Rule 607 is clearly inapplicable because it was promulgated to replace the former "voucher rule," which prohibited a party from cross-examining a turncoat witness *it* called. *See Russeau v. State,* 785 S.W.2d 387, 390 (Tex.Crim.App.1990). This rule just does not fit here.

Rule 609(a)—entitled Impeachment by Evidence of Conviction of Crime—mentions the word "credibility," but it is also inapplicable here. Rule 610 prevents parties from offering evidence of a witness's religious convictions to show credibility or lack of credibility. This rule could not be reasonably attributed to appellant's credibility argument. Rule 608(a)(1)(2) provides the general guidelines to attack the credibility of a witness; thus, it would not directly support admission of the evidence here.

---

3. Trial counsel's lack of clarity may be attributed in part to the State's failure to specifically object to appellant's offer of proof. *See supra* at 176 (Court: "State objects?"; Prosecutor: "Yes"); *see also* TEX.R. EVID. 103(2),(b).

4. *See also, Keeter,* at ——, 2005 WL 766974 *2-3, 2005 Tex.Crim.App. LEXIS 521 *11–12 (intertwined legal arguments during motion for new trial death knell to complaint on appeal).

Because defense counsel was prevented from asking the complaining witness about a specific instance of past conduct—that she accused another man of molesting her and then later recanted, it would seem to draw Rule 608(b) into play. But this would be an odd interpretation of defense counsel's argument for *admission* of the evidence, as Rule 608(b) is a rule of *exclusion*. Moreover, we have already ruled, albeit pre-*Crawford*, that there is no Confrontation Clause exception to the rule preventing cross-examination of witnesses upon specific instances of conduct. *See Lopez v. State*, 18 S.W.3d 220, 223 (Tex. Crim.App.2000).[5]

Therefore, defense counsel's argument can only be interpreted as an effort to invoke the protections of the Confrontation Clause, as the trial court was limiting appellant's right to cross-examine the complaining witness about her similar accusation and later recantation. That is, it just makes no sense to attribute to defense counsel an evidentiary argument, as it appears no evidentiary argument would be helpful in admitting the accusation/recantation evidence.

Conversely, defense counsel's argument that the evidence goes to the complaining witness's credibility is most rationally centered on the Confrontation Clause. In *Davis v. Alaska*, the Supreme Court reversed a conviction, without a finding of harm, based on the Confrontation Clause, where the trial court refused to permit cross-examination of a material witness as to motive and bias. 415 U.S. 308, 315, 94

S.Ct. 1105, 39 L.Ed.2d 347 (1974); *accord United States v. Cronic*, 466 U.S. 648, 656–57, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *cf. Carmona v. State*, 698 S.W.2d 100, 103–04 (Tex.Crim.App.1985). We have construed this requirement to mean that a defendant may not be deprived of *effective* cross-examination. *See Carmona*, 698 S.W.2d at 104. Defense counsel's request to cross-examine the witness so as to reflect her "credibility" and the trial court's refusal to permit it, presents a classic Sixth Amendment deprivation argument; i.e., without the ability to cross-examine the witness upon her similar accusation and recantation, appellant would be deprived of his right to confrontation. *See id.*

And, the Supreme Court's reasoning in *Crawford v. Washington* also supports the contention that defense counsel's intent here was to invoke the protections of the Confrontation Clause and nothing else. In *Crawford*, the Court explained that the text of the Sixth Amendment "is most naturally read as a reference to the right of confrontation at common law," which traditionally demanded "live testimony in court *subject to adversarial testing*." 541 U.S. 36, 43, 54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (emphasis added). Any exceptions to the right of confrontation are only those recognized at common law. *See id.* at 54, 124 S.Ct. 1354.[6] While *Crawford's* holding addressed the admission of an out-of-court statement and the defendant's inability to cross-examine the out-of-court de-

5. Both the State and the majority agree that Rule 412(b) is not applicable here, so I will not address it.

6. The Federal Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *See also, Lopez v. State*, 18 S.W.3d at 222 (a primary

interest secured by the Confrontation Clause is the right of cross-examination); *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987) (outlining state confrontation right), *cert. denied*, 485 U.S. 993, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988), *overruled by Briggs v. State*, 789 S.W.2d 918 (Tex.Crim.App.1990).

clarant,[7] the primary focus of the opinion is directed at the common law guarantee to cross-examine the witnesses against the accused in order to "tease out the truth" before the trier of fact. *See id.* at 67, 124 S.Ct. 1354. Indeed, the lion's share of the majority opinion is devoted to the proposition that the confrontation right requires adversarial testing of the witness before the trier of fact so that the trier of fact can determine the witness' credibility. *See id.* at 43–46, 124 S.Ct. 1354 (development of confrontation right at common law as it related to cross-examination of the witness before the trier of fact to determine credibility). Thus, the primary goal of the confrontation right, as Chief Justice Rehnquist points out in concurrence, is to allow the jury to determine the witness' *credibility:*

> [C]ross-examination is a tool used to flesh out the truth, not an empty procedure. *See Kentucky v. Stincer,* 482 U.S. 730, 737, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) ("The right to cross-examination, protected by the Confrontation Clause, thus is essentially a 'functional' right designed to promote reliability in the truth-finding functions of a criminal trial"); *see also Maryland v. Craig,* 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) ("The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact").

---

7. *See Delaware v. Fensterer,* 474 U.S. 15, 18, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (confrontation right is invoked by two broad circumstances: the admission of out-of-court statements and restrictions imposed by law or by the trial court on the scope of cross-examination).

8. *Pointer v. Texas,* 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *see also, Davis v. Alaska,* 415 U.S. at 318, 94 S.Ct. 1105

*See* 541 U.S. at 74, 124 S.Ct. 1354 (Rehnquist, J., concurring).

Thus, as our binding authority suggests,[8] we should be hesitant to conclude that, pursuant to a procedural rule (or a new interpretation of that rule), a defendant's request to test the credibility of the witness through cross-examination is too vague to put the trial court on notice that the defendant is invoking the protections of the Confrontation Clause. *See Douglas v. Alabama,* 380 U.S. 415, 422, 85 S.Ct. 1074, 13 L.Ed.2d 934 ("an objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review").

While defense counsel's reason for admitting the evidence was not a model of clarity, I would hold that it put the trial court on notice that appellant's right to confrontation would be violated if he was not allowed to test the witness' credibility through extended cross-examination. *See id.;* TEX.R.APP. P. 33.1. The most reasonable interpretation of defense counsel's "credibility" argument is that, in this indecency with a child case, appellant was complaining about the limitations being placed on his right to cross-examine the witness, which is clearly a Confrontation Clause complaint. *See Brooks v. State,* 132 S.W.3d 702, 705 (Tex.App.-Dallas 2004, pet ref'd).[9]

---

(confrontation right abridged where the trial court did not permit defense counsel to "expose to the jury the facts from which jurors, as the sole triers of fact and *credibility,* could appropriately draw inferences relating to the reliability of the witness.") (emphasis added).

9. Citing *Douglas v. Alabama,* 380 U.S. at 421–23, 85 S.Ct. 1074 the Dallas Court of Appeals concluded that a hearsay objection which also invoked a right to cross-examination, pre-

## II.

It is true that defense counsel could have said, "Excluding the evidence would infringe on Mr. Reyna's right to confront the witnesses against him under our state and federal constitutions." But, under the majority's reasoning set forth in *Keeter*, this would be a plain-vanilla argument insufficient to draw the trial court's attention to constitutional error because there would be no mention of case authority, such as *Crawford v. Washington, Davis v. Alaska,* or *Long v. State. See Keeter v. State,* at ——, 2005 WL 766974, *3, 2005 Tex.Crim. App. LEXIS 521 *12.

I must add that I am dismayed by this Court's willingness to overturn decisions of the lower appellate courts based on newly created theories, such as the majority's admittedly "less common notion" of party responsibility here. Put simply, the court of appeals did not err; it based its decision on controlling case law from this Court and a proper application of the rules.

Furthermore, I do not understand why this Court repeatedly construes the procedural default concepts of Tex.R.App. P. 33.1 to "protect" trial courts, as if trial judges are laymen rather than experts in law and procedure. The state and federal constitutions do not protect trial courts—rather, they protect the criminally accused. U.S. Const. amend VI; Tex. Const. art. I, § 10.

With today's holding, we are not heading down a slippery slope; we have hit rock bottom. The majority decision today holds litigants to such a high standard that even the most careful, alert, knowledgeable, and brilliant lawyer can be tripped up, and the constitutional rights belonging to his client

served constitutional error under the Sixth Amendment.

10. *See* Tex.R.App. P. 33.1.

will be unavailable due to a judicially crafted enlargement of a reasonable and fair rule of court.[10] We should not allow our new "less common notions" of hair-spitting analyses gut the constitutional rights of citizens accused. For these reasons, I dissent.[11]

11. I agree with the majority opinion concerning the trial court's improper sealing of the record. However, because I would conclude that appellant adequately preserved his confrontation clause claim, I would hold the error harmless.