Opinion issued June 15, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00234-CR




DAVID VINCENT JONES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1001546



MEMORANDUM OPINION

          Appellant, David Vincent Jones, appeals from a conviction for sexual assault
of a child. See Tex. Pen. Code Ann. § 22.011 (Vernon Supp. 2005). A jury assessed 
appellant’s punishment at imprisonment for eight years. In two points of error,
appellant argues that the trial court erred by: (1) denying his rights of confrontation
and cross-examination of a witness regarding the complainant’s prior inconsistent
statement and (2) limiting cross-examination of the complainant regarding her drug
use. 
          We affirm. 
Background
          The complainant was 14 years of age and living with her half-sister and her
half-sister’s boyfriend, appellant, at the time of the alleged incident. Appellant was
20 years of age at the time. The complainant typically slept on the sofa at her half-sister’s and appellant’s place of residence. 
          On or around May 1, 2004, the complainant, her half-sister, and appellant
attended a party at the residence of a friend of the half-sister. Prior to attending the
party, the complainant consumed a quantity of the prescription drug Xanax not
prescribed to her but provided by her half-sister. While at the party, the complainant
and appellant smoked marijuana. 
          Shortly upon returning home, the half-sister went to the bedroom, leaving the
complainant and appellant as the only people in the living room area. The
complainant fell asleep on the sofa, but awoke to find appellant on top of her, with
one of his hands up her shirt fondling one of her breasts. Appellant, at the same time,
placed one of his hands down the complainant’s shorts and inserted his fingers into
her vagina multiple times. The complainant then forced appellant off of her.
          The complainant filed a police report approximately three months later, on
August 4, 2004, pertaining to the incident that occurred on May 1, 2004. Appellant
was found guilty of sexual assault of a child on February 23, 2005 and sentenced the
following day. Denial of Right to Confrontation and Cross-Examination
Prior Inconsistent Statement
          In his first point of error, appellant argues that the trial court’s ruling sustaining
the State’s hearsay objection to a question asked of the State’s witness regarding an
out-of-court statement by the complainant effectively denied appellant his right to
confront and cross-examine the witnesses against him.


 Appellant specifically argues
that his right to confront and cross-examine Misty Witt was abridged when he was
not allowed to impeach the complainant through Misty’s testimony as to the
complainant’s prior inconsistent statement.
          Appellant’s defense counsel attempted to introduce extrinsic evidence of a
prior inconsistent statement made by the complainant. Appellant argues that his right
of confrontation and cross-examination was abridged by the following exchange:
          [Defense]:   [Complainant] never told you what happened that night of
the incident in question?
 
          [Witness]:    Not until three months later.
 
          [Defense]:   What did she tell you?
 
          [State]:        Your Honor, hearsay.
 
          [Court]:       Sustained.
 
          [Defense]:   Did her stories ever change?
 
          [Witness]:    Yes, they did. They changed.
 
          [Defense]:   And how did they change?
 
          [State]:        Your Honor, still hearsay.
 
          [Court]:       Sustained. Counsel, that’s hearsay.
 
          [Defense]:   Can we approach, your Honor?
 
          [Court]:       No, sir.
          Waiver
          At trial, appellant made no complaint to the trial court that his right of
confrontation or cross-examination was being abridged. Rule 33.1 provides that as
a prerequisite to presenting a complaint for appellate review, the record must show
that the party “stated the grounds for the ruling that [he] sought from the trial court
with sufficient specificity to make the trial court aware of the complaint.” Tex. R.
App. P. 33.1(a)(1)(A). The record does not contain any objection that would make
the trial court aware of appellant’s confrontation clause objection. Appellant’s
request to approach the bench does not, by itself, apprise the court of any complaint. 
Accordingly, appellant has waived his confrontation clause and cross-examination
complaint. See id.; Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005);
Garcia v. State, 210 S.W.2d 574, 579 (Tex. Crim. App. 1948) (holding that the right
to confrontation may be waived); Gibbs v. State, 7 S.W.3d 175, 178 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d) (holding that failing to object to trial
court’s limitation on cross-examination waives objection on appeal). We overrule appellant’s first point of error.Prior Drug Use
          In his second point of error, appellant argues that the trial court erred by
generally limiting cross-examination of the complainant about her prior drug use. 
Specifically, appellant contends that it was necessary to elicit testimony concerning
the complainant’s prior experience with drugs and not to be limited to questions
concerning drug use on the morning in question.
          Appellant contends that the trial court improperly limited his right of cross-examination of the complainant from the following exchange.
                    [Defense]:   You were high that night?
                    [State]:        Objection.
                    [Court]:       Sustained.
                    ****
                    [Defense]:   Is this the first time you were on drugs, ma’am?
                    [State]:        Your Honor, I’m going to object.
                    [Court]:       Approach the bench, please.
                    [Court]        Mr. Fesler, that specifically goes to the motion in
limine.


 Do not go into that area. Just ask
questions.
 
                    [Court]:       Objection sustained. 
          Appellant also contends that the trial court limited his right of cross-examination of the State’s witness by the following exchange:
                    [Defense]:   The statement that [the complainant] gave you, do
you have that with you?
 
                    [Witness]:    Yes, sir.
                    [Defense]:   Isn’t it true that she said she passed out on—
                    [State]:        Your Honor, I’m going to object.
                    [Court]:       Sustained.
          Rule 33.1 provides that as a prerequisite to presenting a complaint for appellate
review, the record must show that the party “stated the grounds for the ruling that [he]
sought from the trial court with sufficient specificity to make the trial court aware of
the complaint.” Tex. R. App. P. 33.1(a)(1)(A). At trial, appellant made no complaint
to the trial court that his right of cross-examination was being abridged. Accordingly,
appellant has waived his cross-examination complaint. See id.; Reyna, 168 S.W.3d
at 179; Gibbs, 7 S.W.3d at 178 (holding that failing to object to trial court’s limitation
on cross-examination waives objection on appeal). 
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 


 
Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Keyes, Alcala, and Bland.
Do not publish. See Tex. R. App. 47.2(b).