Affirmed and Majority and Concurring Memorandum Opinions filed October
3, 2006








 

Affirmed and Majority and Concurring Memorandum Opinions filed
October 3, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00680-CR

____________

 

WAYNE MARK ARMELIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1029992

 



 

M A J O R I T Y   M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Wayne Mark Armelin, of the
offense of stalking.  Tex. Pen. Code Ann.
' 42.072 (Vernon
2003).  The jury sentenced appellant to two and a half years= confinement in
the Texas Department of Criminal Justice, Institutional Division and a $10,000
fine.  In appellant=s sole point of error, he contends the
trial court committed reversible error when it violated appellant=s Sixth Amendment
right to confrontation and cross-examination by excluding evidence that would
discredit the complainant=s credibility.  We affirm.  

 

Factual and Procedural Background

Appellant
and complainant Vicki Evans began dating off and on around April 2000. 
Approximately four years later, in June 2004, Evans broke the relationship off
completely and moved out of the apartment she shared with appellant.  Shortly
after Evans ended the relationship, appellant began stalking her.  From August
through September 2004, appellant flattened both Evans= and her daughter=s tires on multiple occasions, left
threatening notes, wandered around Evans= apartment complex, and followed her
to work.  The State indicted appellant for incidents occurring in 2004 on
August 12, August 14, August 20, September 9, and September 26.  During its
case in chief, the State presented testimony from multiple witnesses about each
incident alleged in the indictment.  The jury found appellant guilty as charged
in the indictment.  

Discussion

In appellant=s sole point of
error, he argues the trial court committed reversible error when it violated
appellant=s Sixth Amendment right to confrontation and
cross-examination by excluding evidence that would discredit the complainant. 
The State contends appellant=s argument at trial does not comport with
his argument on appeal, and therefore, appellant waived any error by the trial
court in the exclusion of evidence.  We agree.








In order to properly preserve error on exclusion of
evidence grounds, the proponent is required to object, obtain a ruling from the
trial court or object to the trial court=s refusal to rule,
and make an offer of proof.  Tex. R.
App. P. 33.1; Tex. R. Evid. 103(a)(1),
(2); Williams v. State, 937 S.W.2d 479, 489 (Tex. Crim. App. 1996). The
proponent must also state the grounds for the ruling he desires Awith sufficient
specificity to make the trial court aware of the complaint.@  Reyna v.
State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (quoting Tex. R. App. P. 33.1).  At the earliest
opportunity, the proponent should have done everything necessary to bring to
the judge=s attention the evidence rule or statute in question
and its precise application to the evidence in question.  Id.  When a
single objection Aencompasses complaints under both the
Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently
specific to preserve error.@ Id. at 179 (citing Cantu v.
State, 939 S.W.2d 627, 634 (Tex.Crim.App.1997)).  The same rationale
applies equally to proffers of evidence and objections.  Id. 

In Reyna v. State, Reyna, charged with indecency
with a child, sought to cross examine the victim about a false allegation of
sexual abuse she made against another man in 1995.  Id. at 174.  The
trial court excluded the evidence, so Reyna objected, made an offer or proof, and
obtained a ruling.  Id. at 175. In his offer of proof, he argued the
evidence should have been admitted to prove the credibility of the victim.  Id.
at 179.  On appeal, Reyna argued the exclusion of evidence violated his Sixth
Amendment right to confrontation.  Id. at 175.  The Texas Court of
Criminal Appeals held Reyna waived review of the confrontation issue because
Reyna=s credibility
argument could have referred to either the Rules of Evidence or the
Confrontation Clause, and he did not clearly articulate his demand for
admission.  Id. at 179.  Therefore, the judge never had the opportunity
to specifically rule on the Confrontation Clause demand.  Id. 

The facts in this case are
parallel to those in Reyna.  Before the presentation of Rita Jo Deshayes=
testimony, the trial court granted the State=s
Motion in Limine with respect to testimony from Deshayes about conduct of the
complainant in 2002.  Appellant objected and reserved the right to make a bill
of exception.  In the bill of exception, appellant argued the evidence should
have been admitted Abecause it would have
gone to the weight, reliability and the credibility of the complainant.@  Just
as in Reyna, when appellant generally argued the evidence was necessary
for credibility purposes, he could have been referring to either the Rules of
Evidence or the Confrontation Clause.  Appellant did not argue with enough
specificity to make the trial court aware of his confrontation argument and
consequently failed to preserve the issue for appeal.  








Therefore, we overrule
appellant=s sole point of error and affirm the judgement of the trial
court.

 

 

 

/s/      John
S. Anderson

Justice

 

 

 

 

Judgment rendered and Majority and Concurring Memorandum
Opinions filed October 3, 2006.

Panel consists of Justices Anderson, Edelman, and Frost.
(Frost, J. Concurring).

Do Not Publish C Tex. R. App. P. 47.2(b).