Opinion issued May 24, 2007







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00974-CR






MELCHOR MALDONADO ARZATE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause No. 1086251






MEMORANDUM OPINION


 A jury found appellant guilty of committing the offense of aggravated sexual
assault (1) against J.A., appellant's six-year-old daughter, and assessed his punishment
at 60 years in prison. In one point of error, appellant complains that the trial court
violated his state and federal constitutional right of confrontation when it limited his
cross-examination of J.A. at trial.

 We affirm.

Background


 In December 2004, J.A.'s mother and appellant separated. After the separation,
J.A. and her older brother lived with appellant, but they would visit their mother on
the weekends. One weekend in December 2005, J.A. told her mother that she did not
want to return to her father's home. When asked why, J.A. refused to tell her mother
the reason. J.A.'s mother asked her roommate, Luby, to speak with J.A. J.A. told
Luby that appellant had been "touching her private parts." 

 At trial, appellant asked J.A. why Luby was no longer living with J.A.'s
mother. The State made a relevancy objection, which was sustained by the trial court. 
The following exchange then took place between the defense and the trial court:

 [Defense]: Your Honor, this question is relevant because it shows the
state of mind of the little kid at the time, and it also shows her influence
and it goes towards credibility.


 THE COURT: What are you expecting her to say?


 [Defense]: I don't know exactly. 


 THE COURT: Well, then you don't know if it's relevant or not. Unless
there's something very special that would come in, the fact that they
don't live together anymore is not relevant. And if you don't know what
it is, you don't have any way of knowing whether it is relevant. 


 [Defense]: I don't know exactly what the child is going to say, but I do
know that she's not living--


 THE COURT: Sustained.

Right of Confrontation


 In his sole issue, appellant contends that the trial court violated his federal and
state constitutional right to confront and cross-examine his accuser, J.A., when it
sustained the State's relevancy objection to appellant's question regarding why Luby
no longer lived with J.A.'s mother. 

 We agree with the State that appellant has failed to preserve this point of error
for our review. At trial, appellant offered an evidentiary argument to support his
assertion that he had a right to cross-examine J.A. regarding why Luby no longer
lived with J.A.'s mother. Specifically, appellant argued that such cross-examination
would elicit relevant evidence. Appellant did not assert that his federal or state
constitutional rights of confrontation demanded that he be allowed to cross-examine
J.A. on this issue. 

 "When a defendant's objection encompasses complaints under both the Texas
Rules of Evidence and the Confrontation Clause, the objection is not sufficiently
specific to preserve error." Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App.
2005). Such an objection does not satisfy the party's burden to do "everything
necessary to bring to the judge's attention the evidence, rule or statute in question and
its precise and proper application to the evidence in question." Id. Thus, an
evidentiary objection does not preserve a Confrontation Clause objection. See id. 
The same rationale applies to a proffer of evidence as an objection to evidence. Id. 
 Here, appellant was required to "clearly articulate" that his right of
confrontation demanded that he be allowed to cross-examine J.A. regarding why
Luby no longer lives with her mother. See id. Appellant did not assert in the trial
court that his federal or state rights of confrontation demanded that he be allowed to
cross-examine J.A. on the contested point. As a result, appellant has failed to
preserve his complaint. See Tex. R. App. P. 33.1; Reyna, 168 S.W.3d at 179.

 We overrule appellant's sole point of error.




 Laura Carter Higley

 Justice



Panel consists of Chief Justice Radack and Justice Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006).