Opinion issued October 28, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

Nos. 01-08-00463-CR &
01-08-00464-CR

———————————

John Douglas, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 248th District Court

Harris County, Texas



Trial Court Case Nos. 1158727 & 1158728

 



 

MEMORANDUM OPINION

          Following
John Douglas’s guilty plea to two offenses of aggravated assault[1] and
his plea of true to a prior felony enhancement paragraph in each indictment,
the jury heard evidence on punishment. 
After finding the enhancement paragraph true, the jury assessed
punishment at life in one offense and forty years’ incarceration on the other
offense.[2]  In two issues, Douglas complains that, during
the punishment phase of his trial, he was deprived of his constitutional right
to confrontation and hearsay was improperly admitted.  We affirm.

Background

          Douglas
dated Stacy Blackmon for about eighteen months. 
According to Blackmon, she left Douglas in March 2007 because of his
abuse toward her,[3]
 but Douglas continued trying to contact
her, calling her frequently, and physically confronting her once, forcing her
into a car with him.  In September 2007, Blackmon
began dating Leo Price.   On the night of October 18, 2007, Douglas
called Blackmon repeatedly at her job and then followed her home from her job after
Price picked up Blackmon from work.   Douglas
pulled into the space next to them at Blackmon’s apartment complex parking lot,
went up to the parked car, and starting yelling through the window, demanding
that Blackmon get out of the car.  Douglas
then pulled out a gun, and, when Blackmon would not leave the car, Douglas
fired numerous times, seriously wounding both Blackmon and Price.  According to Price, Douglas then grabbed Blackmon,
and dragged her to his car, forced her in, and drove away.[4]  Police caught up with Douglas when he crashed
into a fence. 

Both complainants testified at the punishment
phase of trial, along with several other witnesses for the State, including
Michelle Eaglin, a woman who lived at the apartment complex where the shooting
occurred.  Appellant also testified at
punishment, along with three other witnesses on his behalf. 

Discussion

          In his first issue, appellant complains
that he was deprived of his constitutional right to confrontation under the Sixth
Amendment of the United States Constitution and Article 1, Section 10 of the
Texas Constitution, by not being permitted to cross-examine Price about his
criminal history during the punishment phase of the trial.

          In his second issue, appellant asserts
that the trial court improperly admitted a certain hearsay statement made by
Blackmon, testified to by Michelle Eaglin in violation of the Texas Rules of
Evidence and appellant’s right to confrontation under article I, section 10 of
the Texas Constitution. 

I.       Confrontation
of Leo Price

          A.      Factual
background

During Price’s direct testimony,
Price admitted to (1) a federal felony conviction for felon in possession of a
firearm, for which he was given seven years in prison; (2) a state jail felony
drug conviction for which he received six months in state jail; and (3) a
conviction for robbery by threat for which he was also sentenced to
incarceration.   The prosecutor asked
Price, “Have you been convicted of any other felonies outside of these three,”
and Price responded “not felonies.”  Price
also testified that he was on federal parole at the time of trial, that he had
been released “from jail” in January of that year, and that he had not been
released from “the halfway house” until that July.  

In cross-examination, appellant
asked Price questions about his three felony convictions and then reminded him
of his response of “not felonies.”  Price
responded that he had had misdemeanor conviction for possession of marijuana in
2000.  Counsel asked Price several
questions about that misdemeanor conviction and then the following exchange
occurred: 

[Defense]:   And then you got another misdemeanor conviction?

[State]:        Objection, relevance.

[Court]:       Sustained.

[Defense]:   Do you have another other convictions?

[State]:        Objection, Your Honor, relevance.

[Court]:       May be relevant.  It’s
not a proper question. 

[Defense]:   Have you ever been convicted of anything else?

[State]:        Objection, Your Honor.

[Court]:       Sustained.  Sustain the
objection.  Improper question. 

[Defense]:   What other felonies have you had?

[State]:        Objection, Your Honor.

[Court]:       Improper.

[Defense]:   May I approach?

[Court]:       Yes.

(At the bench)

[Defense]:   Judge, she opened the door when she was
asking about his other convictions.  I
went through the record.  She asked the question.  

 

[Court]:       Improper question.  He answered it properly, not a felony.  That was an honest answer.  It does not open the door.  If he had said no, it would, but it does not
open the door. 

 

[Defense]: For the purpose
of the record, I would like to ask about his other misdemeanor cases,
trespassing and the Court’s not allowing me?

 

[Court]:       That’s correct. 

(Conclusion at the bench).

Appellant made no other argument
regarding the admission of any evidence regarding Price’s convictions nor did
he make an offer of proof as to any specific conviction that he wished to have
admitted. 

B.      Argument
on appeal

On appeal, appellant complains that he was denied his Sixth Amendment
right under the United States Constitution, and his right under Article I,
Section 10 of the Texas Constitution, to confront and cross-examine Price
“about his credibility,” specifically by asking Price about “his prior felony
and misdemeanor convictions.”   

We first note that appellant never
made an offer of proof of the evidence that he sought to have admitted.  This alone makes it impossible for us to
review this issue.  The record is not
even clear as to what conviction appellant sought to have admitted.  While appellant now asserts that he sought to
question Price about unspecified prior felony and misdemeanor convictions, his actual
complaint at trial was that he was not allowed to ask about a misdemeanor conviction
for trespassing.  Without an offer of
proof, we cannot evaluate this complaint and error may not be predicated on
this ruling.  See Tex. R. App. P. 103(a)(2),
(b).

Moreover, appellant’s argument on
appeal does not comport with his argument at trial.  At trial, appellant did not complain that his
rights to confrontation were being denied or that either the State or Federal
Confrontation clause required the admission of the sought evidence.  Instead, the only argument advanced at trial
was that the State had “opened the door” by asking “about his other
convictions.”   

The “opened the door” or “false
impression” legal theory for admission of prior convictions is a well-known legal
principle that provides that, when a witness, during direct examination,
unambiguously leaves a false impression that suggests that he has not been
arrested, charged, or convicted of an offense, the opposing party is permitted,
in cross-examination of that witness, to correct this false impression.  Delk v.
State, 855 S.W.2d 700, 704 (Tex. Crim. App. 1993).  The trial court clearly understood appellant’s
objection and properly rejected it, noting that the witness’s statement that he
had “no [other] felonies” did not leave a false impression in response to the
State’s question whether he had other “felony convictions,” and that this
answer did not open the door to evidence of a misdemeanor conviction.  See
Hammett v. State, 713 S.W.2d 102, 106–07 (Tex. Crim. App. 1986) (holding
that extent to which question “opened the door” depends on specific question
asked and statement that witness had one arrest does not leave false impression
that witness had no other arrests or open door to evidence of other arrests).

However, appellant does not
complain of the trial court’s rejection of the “opened door”/”false impression”
legal theory advanced at trial for the admission of the evidence.  Appellant complains instead that the trial
court did not admit evidence under a different legal theory that was not
advanced at trial and on which the trial court was not asked to rule.

Arguments on appeal must comport with
the arguments made at trial and must bring to the trial court’s attention the
very complaint that it is now making on appeal. 
See Reyna v. State, 168 S.W.3d
173, 177 (Tex. Crim. App. 2005). This
is true even when the complaint on appeal is that a party’s right to
confrontation has been denied.  Id. at 179–80.  In order to preserve a complaint that the
Confrontation Clause required admission of certain evidence, the proponent of
this evidence must clearly articulate this basis for admission to the trial
court so that the trial court has the opportunity to rule on this rationale.[5]  Id. at
179.  Because appellant did not do so, he
has failed to preserve this issue for our review.  See id.


We overrule appellant’s first
issue.

II.      Testimony
of Michelle Eaglin

          During
her testimony, Eaglin described running up to Price, who was bleeding on the
ground, taking his cell phone to call for help, and calling the last number on
his cell phone.  The number was for
Blackmon’s cell phone, and appellant answered the phone.  Appellant told Eaglin that Blackmon was with
him, that he had done something wrong and was sorry, and handed the phone to
Blackmon.  Eaglin testified that Blackmon
sounded very afraid, scared, weak, and was crying.  Over appellant’s objection of “hearsay,”
Eaglin testified that Blackmon told her to “please tell [appellant] something
because I’m not going to be—I don’t think I’m going to see my kids again.”  Appellant made no other objections to this
testimony.  The testimony was admitted under
the excited utterance exception to hearsay. 
See Tex. R. Evid. 803 (2).

In his second issue on appeal, appellant complains that the
admission of this statement violated his confrontation rights under the Texas
Constitution and also was an improper admission of hearsay evidence.  For the same reasons discussed under
appellant’s first issue, we hold that, because there was no specific argument
tendered to the trial court regarding the violation of any constitutional
confrontation right as to this evidence, appellant failed to preserve his
constitutional complaint for appellate review. 
See Reyna, 168 S.W.3d
at 179. 
We furthermore hold that, in light of the evidence in this
record regarding the condition of Blackmon at the time (weak, scared, bleeding,
seriously injured from two gunshots to the abdomen, being driven away against
her will by her assailant who had abused and abducted her on other occasions
and threatened to kill her), the complained-of evidence was admissible under
the excited utterance exception to hearsay. See Tex. R. Evid. 803(2).

We overrule appellant’s second issue.

Conclusion

          We affirm the judgment of the trial
court in each cause.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           Tex. Penal Code Ann.
§ 22.02(b)(1) (Vernon
Supp. 2010) (assault against family member) (trial
court cause number 1158727, appellate cause number 01-08-00463-CR) (complainant
Stacy Blackmon); id. § 22.02 (a)(2) (trial court cause number 1158728, appellate cause
number 01-08-00464-CR) (complainant Leo Price); Tex. Penal Code Ann.  § 12.42 (b) (Vernon Supp. 2009).

 





[2]
          The jury sentenced Douglas to
life in trial court cause number 1158727 (appellate cause number
01-08-00463-CR) and forty years’ incarceration in trial court cause number
1158728 (appellate cause number 01-08-00464-CR).

 





[3]
          Douglas maintained that they
were still dating at the time of the incident. 

 





[4]
          Douglas maintained he was taking
Blackmon to a hospital. 

 





[5]           We have also so held in a prior unpublished opinion with
facts similar to this case.  See Fortunato v. State, No.
01-07-00066-CR, 2008 WL 1827910 at *3 (Tex. App.—Houston [1st Dist.] April 24,
2008, pet. ref’d) (mem. op., not designated for publication) (argument at trial
that charge was admissible to impeach credibility did not put trial court on
notice of violation of confrontation clause and so did not preserve complaint
of denial of confrontation clause for appellate review).