**Affirmed; Opinion Filed October 15, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00965-CR

**JEREMIAH KING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-71273-U**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

A jury convicted appellant Jeremiah King of evading arrest, enhanced by a prior conviction, and assessed punishment at six months' confinement in state jail and a $100 fine. In one issue, appellant argues that the attempt to arrest him violated the First and Fourteenth Amendments and that we should vacate the conviction and order a new trial. We affirm.

### DISCUSSION

In his issue, appellant argues that the attempt to arrest him violated the First and Fourteenth Amendments and that we should vacate the conviction and order a new trial. Appellant contends the arrest was invalid because the arresting officer violated appellant's First Amendment right to freedom of assembly and his Fourth Amendment right to be free from unlawful arrest. The State argues this issue was not preserved for appellate review, and we agree.

Appellant was charged by indictment with the offense of evading arrest enhanced with a previous conviction for evading arrest, which is a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(1). Dallas Police Department Officer Kristopher Trotter testified that on July 15, 2016, at around 8:45 p.m., he was working the third-watch shift when he spotted appellant standing in front of a convenience store located at the 2900 block of Royal Lane, Dallas, Texas, near the propane tank area. This was not the first time Trotter had encountered appellant. The officer testified he had seen appellant before, was aware he had an active warrant, and had discussed the warrant with appellant. The officer told appellant he would be arrested the next time Trotter saw him if he did not take care of the warrant.

Trotter observed appellant and called out his name and informed him he was under arrest, pulling out his taser because he could not see appellant's hands. Appellant questioned Trotter about why he was under arrest, which the officer regarded as a delaying tactic. Appellant raised his hands and took a defensive posture before turning and running away. Trotter fired his taser at appellant but missed. Trotter testified he did not pursue appellant into a nearby apartment complex because he did not have back-up. Appellant was arrested one month later in August of 2016.

Dallas County District Attorney investigator Darren Hodge provided fingerprint identification testimony linking appellant to the prior evading arrest conviction.

To preserve error for appellate review, the record must establish that the request or objection made in the trial court "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). All error, even constitutional error, may be waived by the failure to properly put the trial court on notice of the objection or request. *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). Preservation of error requirements also apply to claims relating to the Texas Constitution. *See*

*Pena v. State*, 285 S.W.3d 459, 464–65 (Tex. Crim. App. 2009). While no particular words or formalistic phrases are required to preserve an error, the objecting party must put the trial court on notice as to what he wants, why he thinks he is entitled to it, in a clear enough manner for the court to understand him at a time when the court is in the proper position to grant relief. *Id.* at 464. Additionally, arguments on appeal must comport to the objections or requests made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

In this case, appellant does not dispute that he failed to file a motion to suppress. Appellant's failure to articulate to the trial court any argument regarding the alleged illegality of his arrest, either in a written motion to suppress or in arguments to the trial court, means he failed to preserve the argument for appellate review. Accordingly, we overrule appellant's issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. 47.2(b)
17965F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JEREMIAH KING, Appellant

No. 05-17-00965-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-71273-U.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of October, 2018.