

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00172-CR

———————————————

JEREMY S. HAYES, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 8
Tarrant County, Texas
Trial Court No. 1372941

Before Walker, Meier, and Gabriel, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Jeremy S. Hayes appeals from his conviction of misdemeanor driving while intoxicated. In two points, Hayes argues that the trial court erred by limiting his cross-examination of the arresting officer. Because Hayes failed to preserve one of his arguments for our review and because the trial court did not abuse its discretion, we overrule his points and affirm the trial court's judgment.

On May 25, 2014, Officer Cleburn Ray Eardley pulled Hayes over after seeing him commit a traffic violation. Eardley noticed that Hayes smelled of alcohol and had bloodshot eyes. After Hayes exhibited intoxication clues on three field-sobriety tests, Eardley arrested him for driving while intoxicated. Based on a breath test, Hayes's blood-alcohol content was determined to be 0.128.

At trial, Eardley testified to the field-sobriety tests that he gave to Hayes and explained the effects of alcohol, metabolized alcohol, and how the horizontal-gaze-nystagmus test relates to intoxication. Eardley also testified that he properly read Hayes the required warnings before requesting a breath specimen and that he placed a copy of the warnings on Hayes's lap after handcuffing him and putting him in the back of his patrol car. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2018). Hayes attempted to cross-examine Eardley with evidence of his prior disciplinary history as a police officer. The trial court denied Hayes's proffer, ruling that the evidence was not admissible.

Hayes now asserts on appeal in his first point that the trial court abused its discretion by not allowing him to cross-examine Eardley about his disciplinary history to attack his credibility because Eardley was an expert witness. But at trial, Hayes argued that he sought admission of the evidence "not for impeachment purposes" but only to show Eardley's "lack of mistake" under rule 404(b). *See* Tex. R. Evid. 404(b)(2). At no point did he assert that the evidence went to Eardley's credibility or to Eardley's qualifications as an expert as he now argues on appeal. *See* Tex. R. Evid. 702. Indeed, the trial court stated that it would "not allow the 404(b) inquiry as to lack of mistake." Hayes's trial argument urging admission of the evidence under rule 404(b) does not comport with his appellate argument attacking Eardley's expert qualifications under rule 702; thus, he has failed to preserve this point for our review. *See Reyna v. State*, 168 S.W.3d 173, 176–77 (Tex. Crim. App. 2005); *Merrick v. State*, Nos. 02-17-00035-CR, 02-17-00036-CR, 2018 WL 651375, at *7, *14 (Tex. App.— Fort Worth Feb. 1, 2018, pet. ref'd). We overrule Hayes's first point.

In his second point, Hayes asserts that the exclusion of Eardley's disciplinary history was an abuse of discretion because evidence of Eardley's past violations of police policy would have tended to show that Eardley did not make a mistake on the date of the arrest when he failed to physically give Hayes a copy of the warnings form. Hayes is correct that we review the trial court's evidentiary ruling for an abuse of discretion, which occurs only if the exclusion was so clearly wrong as to fall outside the zone of reasonable disagreement. *See Merrick*, 2018 WL 651375, at *14. Evidence

3

of lack of mistake is rebuttal evidence that becomes relevant only when the witness admits the misconduct but claims it was a mistake. *See Johnston v. State*, 145 S.W.3d 215, 222 (Tex. Crim. App. 2004). Evidence of other conduct by the witness that "tends to show that his actions on those occasions, and hence on this occasion as well, were not mistaken" then becomes admissible under rule 404(b)(2) to tend to show a lack of the claimed mistake. *Id.*

Here, Hayes asserted to the trial court that Eardley's misconduct was his failure to physically give Hayes a copy of the warnings after he was placed under arrest. But Eardley's undisputed testimony was that he placed a copy in Hayes's lap, and the trial court found that he had done so. There was no evidence that Eardley failed to give Hayes a copy of the warnings form as a result of a mistake. Accordingly, any evidence of Eardley's purported infractions of police policies was not admissible under rule 404(b)(2) to show absence of mistake, and the trial court did not abuse its discretion by excluding the proffered evidence on that basis. *See id.* at 223–24. We overrule issue two.

Having overruled Hayes's two appellate points, we affirm the trial court's judgment.

/s/ Lee Gabriel
Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 18, 2018

4