Affirmed and Memorandum Opinion filed April 15, 2008








Affirmed and Memorandum Opinion filed April 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00598-CR

____________

 

JOHN PAUL JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 948117

 



 

M E M O R A N D U M   O P I N I O N

Appellant, John Paul Johnson, appeals from his conviction
for murder and sentence to life in prison.  In a single issue, he contends that
the trial court violated his Sixth Amendment Right to Confrontation by
excluding certain testimony aimed at impeaching the key witness against him. 
We affirm.








Background

Chamera Levene testified that on May 7, 2003, she was in
her apartment when appellant kicked open the locked door.  Appellant then began
firing a weapon into the apartment.  Kirk Jeffers, who was also in the
apartment at the time, produced his own weapon and followed appellant into the
hallway.  Levene heard additional gunshots coming from the hallway.  Jeffers
subsequently died in the hallway of a gunshot wound.

During presentation of his case, appellant sought to admit
the testimony of several witnesses regarding a confrontation between Levene and
appellant, which occurred two days before Jeffers= killing.  The
State objected on relevance grounds, and the trial court sustained the
objection.[1] 
At trial, appellant argued in favor of admission of the testimony on the
grounds that (1) the State had Aopened the door,@ (2) the testimony
would go to show that Levene testified the way she did because of her recent
confrontation with appellant, (3) the jury was entitled to know about the
incident to test Levene=s credibility, and (4) the evidence would
go to disprove or impeach her testimony.

Discussion

In his sole issue, appellant contends that the trial court
violated his Sixth Amendment Right to Confrontation by excluding testimony that
would have impeached Levene=s credibility.  U.S. Const. amend. VI.  We begin by considering whether
appellant properly preserved this argument by making it in the trial court.








To preserve error on exclusion of evidence grounds, the
proponent must object, obtain a ruling from the trial court (or object to the
trial court=s refusal to rule), and make an offer of proof.  Tex.
R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(1), (2); Williams v. State,
937 S.W.2d 479, 489 (Tex. Crim. App. 1996).  The proponent must also state the
grounds for the ruling he desires Awith sufficient
specificity to make the trial court aware of the complaint.@  Tex. R. App. P.
33.1(a)(1)(A); Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App.
2005).  In other words, the proponent must do everything necessary to bring to
the judge=s attention the evidentiary rule or statute under
which admission is sought and its precise application to the evidence in
question.  Reyna, 168 S.W.3d at 177.  More specifically, when a single
objection encompasses complaints under both the Texas Rules of Evidence and the
Confrontation Clause, the objection is not considered sufficiently specific to
preserve error.  Id. at 179.

The Reyna case is particularly instructive.  In Reyna,
the defendant, charged with indecency with a child, sought to cross examine the
victim about a false allegation of sexual abuse the victim had previously made
against another man.  Id. at 174.  In support of admission, the
defendant argued that the evidence went to the credibility of the victim.  Id.
at 179.  Subsequently, on appeal, the defendant argued that the exclusion of
the evidence violated his Sixth Amendment Right to Confrontation. Id. at
175.  The Court of Criminal Appeals ultimately held that the defendant waived
review of the confrontation issue because the credibility argument he made in
the trial court could have been based on either the rules of evidence or the
right to confrontation; thus, the trial argument did not sufficiently bring to
the trial court=s attention the basis for the request.  Id.
at 179.

Similarly, in the present case, appellant argued that the
testimony should be admitted because it would impeach Levene=s credibility, but
he did not specifically assert his right of confrontation.[2] 
Accordingly, under Reyna, appellant has failed to preserve the
confrontation issue.  








We therefore overrule appellant=s sole issue.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed April 15, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Of the three witnesses whom appellant wanted to
question regarding the confrontation, he asked only one of them questions about
such events in open court (at which point the State=s objection was sustained).  At the end of the
testimony of a second witness, appellant approached the bench and asked to be
allowed to question the witness regarding the confrontation.  The court
overruled the request.  Regarding a third witness, appellant never sought to
introduce her testimony in open court but merely presented the testimony in a
bill of exception.





[2]  Likewise, appellant=s trial argument that the State had Aopened
the door@ to evidence on the confrontation does not directly
raise a confrontation argument.