Opinion issued April 24, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00066-CR







OKENSY FORTUNATO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1037507






MEMORANDUM OPINION


 A jury convicted appellant, Okensy Fortunato, of possession with intent to
deliver at least 400 grams of heroin, and the trial court assessed his punishment at
imprisonment for 25 years and a $100 fine. In his sole point of error, appellant argues
that the trial court erred in limiting his impeachment of a State's witness.

 We affirm.

Background

 In August 2005, Immigration and Customs Enforcement (ICE) agents received
information from an informant that a shipment of narcotics was due to arrive in
Freeport, Texas. As a result of the subsequent investigation and operation to intercept
the narcotics, appellant was arrested.

 At trial, the State presented the testimony of numerous agents and police
officers who had been involved in the interception of the heroin and the arrest of
appellant. Their testimony established that the informant collected the heroin from
a ship in Freeport. The heroin retrieved from the ship, and later confiscated from
appellant's vehicle, consisted of nine bricks and weighed 9.7 kilograms. The agents
loaded all nine bricks into the spare tire compartment in the back of a white Chevrolet
Trailblazer the informant had obtained from appellant, and the informant transported
the bricks to Houston. The informant returned the Trailblazer to appellant and had
appellant drop him off at an apartment. The agents' testimony established that, after
appellant left the informant at an apartment, he stopped in a parking lot, opened the
back of the Trailblazer, and examined the spare tire compartment. As appellant
proceeded to the airport, he was stopped for a traffic violation and given a citation. 
At that time, appellant signed a written consent to search the Trailblazer. Police
officers searched the Trailblazer, recovered the nine bricks of heroin, and arrested
appellant for possession of heroin.

 The informant testified at trial about the events leading up to appellant's arrest
and his contact with appellant, including their original meeting and subsequent
telephone calls. Appellant cross-examined the informant about the events recounted
above. Then, outside the presence of the jury, appellant discussed the admissibility
of other evidence with the trial court. Appellant sought to question the informant
regarding an ICE document the informant had signed entitled "Instructions to
Confidential Source" and a pending drug charge in Florida. The trial court informed
appellant that "the fact that [the informant has] been arrested for something is not
admissible." The following exchange took place:

[Appellant]: All right. The--I'd like to get the case number, the
indictment, that information first of all, so I can ask
him those question[s]. Second of all, there's an
agreement that has been proffered to me, [the
Instructions to Confidential Source], as being an
agreement that this man has, in fact, with ICE, okay.
[It] [c]ontradicts what he says, that he has no written
agreement with ICE, first of all, so I believe it is
admissible.


 Second is what he has with this document is
that he is not supposed to commit--violate any laws
that he could be prosecuted for, any unauthorized
criminal activity in the past or in the future. And
this man has, in fact, violated the agreement and the
contract that he has as a confidential source with
ICE, so I believe--


[Court]: You can put that all on the record, but it's still not
going to be admissible.


 Appellant reiterated that he wanted to get the information on the charge the
informant was facing in Florida, and the State told appellant that it did not have that
information but could give him the phone number for the prosecutor in Florida. The
trial court then said, "Okay. Right now we're going to bring the jury back in and you
can ask him whatever you want to ask him in front of them but it's not going to be in
regards to any charges that are pending in the state of Florida." Appellant responded,
"Okay."

 The trial court allowed appellant to question the informant on the "Instructions
to Confidential Source" document. Appellant focused his questioning on the portion
of the document that states, "You are not permitted to violate any laws and could be
prosecuted for any unauthorized criminal activity in the past or any future
unauthorized criminal conduct." The informant affirmed that he had signed the
document, then the following exchange took place:

[Appellant]: And if I understand correctly, you are right now in
jail; is that correct?


[Informant]: Yes, yes.

[Appellant]: You're jailed in Florida?

[Informant]: Yes.

 Appellant later asked for a bill of exception and stated that he would call the
informant and ask him specifically about the charge against him in Florida. Appellant
stated:

 For my bill of exceptions I wanted to ask the confidential
informant in this case . . . the following questions: ["]You are in jail for
the offense of conspiracy with intent to deliver narcotics,["] which I
anticipate he would have said yes.


 Second, ["Y]ou're possibly looking at 25 years to 99 years or
life,["] which I anticipate he would have said yes. I was going to ask
him[, "Y]ou are accused of an offense, of this offense with conspiracy
with intent to deliver narcotics after you were involved in this case on
or about August 15, 2005, in the case against [appellant],["] which I
anticipate he would have said that it did occur afterwards.


 And, ["Y]ou're hoping that your testimony in this case may be of
some assistance to you in that case,["] and I'm assuming after having
spoken to him that he doesn't think that they were going to help him, but
that would be the questions I would have asked of the confidential
informant and the reasons for that, as I explained to the Court, is only
because it would affect his credibility as someone that had violated their
agreement with ICE, not because he's been convicted of an offense,
because he has not, but it would affect his credibility, in my opinion, in
front of the jury. So that was the basis for asking those questions.


The trial court denied his request to ask the informant those questions.

Analysis

 In his sole point of error, appellant argues that the trial court erred in limiting
his impeachment of the informant, thereby denying him his constitutional right of
confrontation. The State argues that appellant did not preserve this issue for appeal.

 Texas Rule of Appellate Procedure 33.1 provides that, as a prerequisite to
presenting a complaint for appellate review, the record must show that the party
"stated the grounds for the ruling that [he] sought from the trial court with sufficient
specificity to make the trial court aware of the complaint." Tex. R. App. P. 33.1;
Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). When an appellant's
objection "encompasses complaints under both the Texas Rules of Evidence and the
Confrontation Clause, the objection is not sufficiently specific to preserve error." 
Reyna, 168 S.W.3d at 179.

 Here, appellant argued that the evidence of the specific charge facing the
informant was admissible to impeach the informant's credibility. See id.
("[Appellant's] reference to "credibility" could be a reference to either the Rules of
Evidence or the Confrontation Clause."). Appellant never informed the trial court
that cross-examination regarding the specific charge against the informant was
required under the Confrontation Clause. His only stated basis for seeking the
testimony about the charges against the informant in Florida was "not because he's
been convicted of an offense, because he has not, but it would affect his credibility." 
Therefore, his arguments did not put the trial court on notice of a reason the evidence
might be admissible despite a direct conflict with Texas Rule of Evidence 609, which
permits impeachment of credibility only with a felony conviction or a conviction for
a crime of moral turpitude, not for an arrest--namely because of a violation of the
Confrontation Clause. See Tex. R. Evid. 609(a). Thus, appellant did not preserve his
complaint that the trial court denied him his constitutional right to confrontation. See
Reyna, 168 S.W.3d at 179; see also Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim.
App. 2000) (holding that appellant's objection to admission of evidence on hearsay
grounds did not preserve confrontation argument because he did not specifically
object based on Confrontation Clause); Perry v. State, 236 S.W.3d 859, 864 (Tex.
App.--Texarkana, 2007, no pet.) (requiring that a "party clearly articulate that the
Confrontation Clause demanded admission of the evidence to allow the trial court to
rule on the issue" in order to preserve confrontation argument on appeal).

 We overrule appellant's sole point of error. 

Conclusion

 We affirm the judgment of the trial court.





 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).