IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-59,552-01






EX PARTE RUBEN GUTIERREZ








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 1998-CR-1391-A IN THE 107TH DISTRICT COURT

CAMERON COUNTY





 Per curiam. 


O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, TEX. CODE CRIM. PROC.

 On May 12, 1999, Applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071, TEX. CODE CRIM. PROC., and
the trial court, accordingly, set punishment at death. This Court affirmed Applicant's
conviction and sentence on direct appeal. Gutierrez v. State, No. 73,462 (Tex. Crim. App.
January 16, 2002). 

 In his application, Applicant presented twenty allegations in which he challenged the
validity of his conviction and resulting sentence. We remanded the cause to the trial court
so that the habeas corpus record could be supplemented with affidavits from trial and
appellate counsel responding to Applicant's first two allegations. We denied Applicant's
remaining claims. The trial court did not make additional findings of fact and conclusions
of law following its receipt of the affidavits from counsel. 

 Applicant claims that he was denied effective assistance of counsel because trial
counsel failed to object to the testimony of several witnesses on confrontation grounds and
appellate counsel failed to raise these issues on direct appeal. Trial counsel incorrectly states
in his affidavit that "lodging a hearsay objection was as valid as objecting on denial of right
of confrontation." An objection on hearsay does not preserve error on Confrontation Clause
grounds. Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Appellate counsel
states in her affidavit that she could not raise confrontation claims on appeal because trial
counsel did not make confrontation objections at trial. However, in her opinion, "there was
not a reasonable probability that the outcome of the case would have been different if the
confrontation objections had been made." We agree. Applicant has failed to meet his burden
to demonstrate both deficient performance and prejudice. Strickland v. Washington, 466 U.S.
668, 687 (1984). 



 Based upon the trial court's initial findings and conclusions and our own review, we
deny relief. 

 IT IS SO ORDERED THIS THE 14TH DAY OF MAY, 2008.


Do Not Publish