

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00363-CR

FERNANDO RUIZ                                                        APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Fernando Ruiz of indecency with a child by exposure. The trial court sentenced him to eight years' confinement. Appellant brings two issues on appeal, challenging the sufficiency of the evidence to prove his intent to arouse or gratify a person's sexual desire and arguing that the trial court improperly admitted "extraneous evidence." Because the evidence is sufficient to support Appellant's conviction and the trial court did not abuse its

[1]*See* Tex. R. App. P. 47.4.

discretion by admitting evidence of extraneous acts of misconduct, we affirm the trial court's judgment.

Appellant and the complainant, A.R., were next door neighbors. A.R. was a fourteen-year-old female. Appellant is and was an adult male. He had told both A.R. and her mother that he loved them. Appellant had tapped on A.R.'s window a couple of nights.

One day, she was sitting on a tree stump alone in her backyard. Through a missing slat in the fence, A.R. saw Appellant pull his penis out of his pants and begin "moving it around." A.R. used a cell phone she had with her to record a video of Appellant moving his penis. A.R. called the police from inside her home. The State had the video enhanced, and the video was admitted into evidence. At trial, when A.R. described the incident, she also testified that Appellant had exposed his genitals to her more than five times before that incident.

In his first issue, Appellant contends that the evidence is insufficient to support his conviction because it is insufficient to prove that he intended to arouse and gratify any person's sexual desire. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

---

[2]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[3] The trier of fact is the sole judge of the weight and credibility of the evidence.[4] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[5] Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."[6] We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[7]

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.[8] In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we

---

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

[4]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[5]*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

[6]*Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

[7]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

[8]*Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

"must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the [verdict], and must defer to that resolution."[9]

A.R. testified that Appellant had exposed his penis to her on more than five occasions. On the date in question, she saw Appellant move his penis from side to side. She also testified that he would say "creepy stuff" over the fence. The "creepy stuff" included statements such as "I love you, baby" or "I dream of you at night." He would say similar things to A.R.'s mother. In addition to the testimony describing Appellant's words, actions, and demeanor, the jury had the opportunity to view the video of Appellant's act of exposing himself. Applying the appropriate standard of review, we hold that the evidence was sufficient to permit a rational jury to find beyond a reasonable doubt that when Appellant exposed himself in front of A.R., he did so with intent to arouse or gratify his own sexual desire as alleged in the indictment.[10]

In his second issue, Appellant argues that the trial court abused its discretion by admitting extraneous offense evidence over his timely objection. Before trial, Appellant received notice of the State's intent to offer evidence of extraneous bad acts. Appellant objected to their admission into evidence on notice grounds before trial and generally when the evidence was first admitted.

---

[9]*Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

[10]*See* Tex. Penal Code Ann. § 21.11(a)(2) (West 2011).

4

The trial court overruled the objections, issued a timely limiting instruction, and allowed Appellant a running objection after overruling his general objection.

On appeal, Appellant argues that the trial court abused its discretion by admitting the evidence because the State offered it to show character conformity. Appellant contends that, while the bad acts may have been admissible to defeat a defensive theory, in the case now before this court, he had set up no defensive theory and had not even cross-examined A.R. He argues that as a consequence, there was no defensive theory to rebut. The State is correct that Appellant's objection on appeal does not conform to his objection at trial.[11] Appellant has therefore forfeited his issue. In the interest of justice, we point out that the evidence was properly admitted as evidence of the relationship between the parties to show Appellant's intent.[12] We therefore overrule Appellant's second issue.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT

---

[11]See *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).

[12]*See* Tex. Code Crim. Proc. Ann art. 38.37, §§ 1(1)(A), 2 (West Supp. 2011); *Jones v. State*, 119 S.W.3d 412, 420 (Tex. App.—Fort Worth 2003, no pet.).

JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 21, 2012