02-11-363-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00363-CR

 

 


 
 
 Fernando Ruiz
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 78th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Fernando Ruiz of indecency with a child by exposure.  The
trial court sentenced him to eight years’ confinement.  Appellant brings two
issues on appeal, challenging the sufficiency of the evidence to prove his intent
to arouse or gratify a person’s sexual desire and arguing that the trial court
improperly admitted “extraneous evidence.”  Because the evidence is sufficient
to support Appellant’s conviction and the trial court did not abuse its
discretion by admitting evidence of extraneous acts of misconduct, we affirm
the trial court’s judgment.

Appellant
and the complainant, A.R., were next door neighbors.  A.R. was a fourteen-year-old
female.  Appellant is and was an adult male.  He had told both A.R. and her
mother that he loved them.  Appellant had tapped on A.R.’s window a couple of
nights.

One
day, she was sitting on a tree stump alone in her backyard.  Through a missing slat in the fence, A.R. saw Appellant
pull his penis out of his pants and begin “moving it around.”  A.R. used a cell
phone she had with her to record a video of Appellant moving his penis.  A.R. called
the police from inside her home.  The State had the video enhanced, and the
video was admitted into evidence.  At trial, when A.R. described the incident,
she also testified that Appellant had exposed his genitals to her more than
five times before that incident.

In
his first issue, Appellant contends that the evidence is insufficient to
support his conviction because it is insufficient to prove that he intended to
arouse and gratify any person’s sexual desire.  In our due-process review of
the sufficiency of the evidence to support a conviction, we view all of the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.[2]

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.[3] 
The trier of fact is the sole judge of the weight and credibility of the
evidence.[4] 
Thus, when performing an evidentiary sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the factfinder.[5] 
Instead, we “determine whether the necessary inferences are reasonable based
upon the combined and cumulative force of all the evidence when viewed in the
light most favorable to the verdict.”[6] 
We must presume that the factfinder resolved any conflicting inferences in
favor of the verdict and defer to that resolution.[7]

The
standard of review is the same for direct and circumstantial evidence cases;
circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.[8] 
In determining the sufficiency of the evidence to show an appellant=s
intent, and faced with a record that supports conflicting inferences, we Amust
presume—even if it does not affirmatively appear in the record—that the trier
of fact resolved any such conflict in favor of the [verdict], and must defer to
that resolution.@[9]

A.R.
testified that Appellant had exposed his penis to her on more than five
occasions.  On the date in question, she saw
Appellant move his penis from side to side.  She also testified that he would
say “creepy stuff” over the fence.  The “creepy stuff” included statements such
as “I love you, baby” or “I dream of you at night.”  He would say similar
things to A.R.’s mother.  In addition to the testimony describing Appellant’s
words, actions, and demeanor, the jury had the opportunity to view the video of
Appellant’s act of exposing himself.  Applying the appropriate standard of
review, we hold that the evidence was sufficient to permit a rational jury to
find beyond a reasonable doubt that when Appellant exposed himself in front of
A.R., he did so with intent to arouse or gratify his own sexual desire as
alleged in the indictment.[10]

In
his second issue, Appellant argues that the trial court abused its discretion
by admitting extraneous offense evidence over his timely objection.  Before
trial, Appellant received notice of the State’s intent to offer evidence of
extraneous bad acts.  Appellant objected to their admission into evidence on
notice grounds before trial and generally when the evidence was first
admitted.  The trial court overruled the objections, issued a timely limiting
instruction, and allowed Appellant a running objection after overruling his
general objection.

On
appeal, Appellant argues that the trial court abused its discretion by
admitting the evidence because the State offered it to show character
conformity.  Appellant contends that, while the bad acts may have been
admissible to defeat a defensive theory, in the case now before this court, he
had set up no defensive theory and had not even cross-examined A.R.  He argues
that as a consequence, there was no defensive theory to rebut.  The State is
correct that Appellant’s objection on appeal does not conform to his objection
at trial.[11]  Appellant has therefore
forfeited his issue.  In the interest of justice, we point out that the
evidence was properly admitted as evidence of the relationship between the
parties to show Appellant’s intent.[12]  We therefore overrule
Appellant’s second issue.

Having
overruled both of Appellant’s issues, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2012









[1]See Tex. R. App. P. 47.4.





[2]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).





[3]Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.





[4]See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[5]Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).





[6]Hooper v. State,
214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).





[7]Jackson, 443 U.S.
at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.





[8]Isassi, 330 S.W.3d
at 638; Hooper, 214 S.W.3d at 13.





[9]Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991).





[10]See Tex. Penal
Code Ann. § 21.11(a)(2) (West 2011).





[11]See Pena v. State,
285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (“Whether a party’s particular
complaint is preserved depends on whether the complaint on appeal comports with
the complaint made at trial.”); Reyna v. State, 168 S.W.3d
173, 179 (Tex. Crim. App. 2005).





[12]See Tex. Code
Crim. Proc. Ann art. 38.37, §§ 1(1)(A), 2 (West Supp. 2011); Jones v. State,
119 S.W.3d 412, 420 (Tex. App.—Fort Worth 2003, no pet.).