# NO. 12-14-00266-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAYMOND SMITH, JR.,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Raymond Smith, Jr. appeals his conviction for three counts of indecency with a child. In one issue, Appellant challenges the trial court's exclusion of certain evidence. We affirm.

## BACKGROUND

The State indicted Appellant on three counts of aggravated sexual assault with a child (counts one, two, and three) and four counts of indecency with a child (counts four, five, six, and seven). These counts alleged abuse against Jane Doe, Appellant's stepdaughter, and Beth Doe, his niece.[1] Appellant pleaded "not guilty" to all counts. Because of the jury's inability to reach a verdict on counts one through three, the trial court granted a mistrial as to those counts. The jury found Appellant "not guilty" on count six, but found him "guilty" on counts four and five regarding abuse against Beth and count seven regarding abuse against Jane. The trial court sentenced Appellant to imprisonment for twenty years on each count, to run consecutively.

---

[1] Jane Doe and Beth Doe are pseudonyms used at trial.

## EXCLUSION OF EVIDENCE

In his sole issue, Appellant challenges the trial court's exclusion of testimony regarding an outcry of sexual abuse involving a different individual. He relies on Texas Rule of Evidence 412 to support his position that the testimony was admissible.

### Facts

At a pretrial hearing, Beth's mother testified that Jane made allegations against both Appellant and Beth's father, Donald, at the same time. She explained that the two girls accidentally encountered Donald, who was urinating behind a building. Deputy Mary Jordan of the Houston County Sheriff's Office testified that the grand jury returned a "No Bill" as to the charges against Donald.

At trial, Jane testified that, at one time, she denied being abused by Appellant. She admitted that she disclosed the abuse after an argument between Appellant and Jane's aunt, in which Jane defended her aunt and became angry with Appellant. During the testimony of Investigator Kendall Stewart of the Angelina County Sheriff's Office, Appellant sought to ask about Jane's outcry against Donald. According to Appellant, the jury was under the impression that Jane made only one outcry. Appellant argued that (1) the jury needed to hear the entire context of the outcry; (2) the State intended to admit evidence that the girls showed signs of sexual abuse, which the jury might falsely attribute to Appellant when there may be another explanation; and (3) the jury would be evaluating the girls' credibility. Investigator Stewart told the trial court that he was unaware that Jane made an outcry against Donald during either her initial outcry or her interview at the advocacy center. The State argued that the evidence was irrelevant and inadmissible under Texas Rule of Evidence 412. The trial court sustained the State's objection.

Subsequently, the State called Dr. Debra Burton, a licensed professional counselor, for purposes of providing general testimony regarding child abuse victims. Appellant sought to question Dr. Burton about Jane's outcry against Donald. He argued that the jury could interpret Dr. Burton's testimony as saying that the girls must have been sexually abused by Appellant. He suggested that the proffered evidence was necessary to explain Dr. Burton's testimony, as it would be misleading to leave the jurors with only one suggestion of sexual abuse. The trial court refused to allow Appellant to question Dr. Burton about Jane's allegations against Donald.

During an offer of proof, defense counsel elicited testimony from Jane's mother that Jane's outcry included allegations of abuse against both Donald and Appellant. She testified that Jane was upset and crying during the outcry, which she believed could have been somewhat attributable to the allegations against Donald. She also testified that Beth was present during the outcry. Appellant argued that the testimony established Jane was upset over both outcries, not just the outcry against him. He argued that Beth's presence at the outcry was relevant to her reasons for making her own outcry against Appellant. He also maintained that exclusion of the evidence left the jury with a false impression. The State objected on grounds that (1) the evidence was irrelevant because the alleged offense occurred in a different county, and (2) Texas Rule of Evidence 403 prohibited admission of the evidence because it was not probative and could confuse the jury. In accordance with its previous rulings, the trial court excluded the evidence.

## Standard of Review and Applicable Law

We review a trial court's evidentiary rulings under an abuse of discretion standard. ***Martinez v. State***, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion when its ruling lies outside the zone of reasonable disagreement. ***Id***.

Texas Rule of Evidence 412 identifies five circumstances in which specific instances of a victim's past sexual behavior is admissible if the evidence's probative value outweighs the danger of unfair prejudice. TEX. R. EVID. 412(b)(2), (3). Rule 412 does not apply to offenses of indecency with a child, for which Appellant was convicted. *See* TEX. R. EVID. 412; *see also* ***Reyna v. State***, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005). Accordingly, we must review the excluded evidence's admissibility under other rules of evidence. *See* ***Hammer v. State***, 296 S.W.3d 555, 563–68 (Tex. Crim. App. 2009).

A party may cross-examine a witness on any relevant matter, including credibility. TEX. R. EVID. 611(b). Evidence is relevant when it has a tendency to make a fact more or less probable than it would be without the evidence and that fact is of consequence in determining the action. TEX. R. EVID. 401. Generally, specific instances of conduct cannot be inquired into for the purpose of attacking or supporting a witness's credibility. *See* TEX. R. EVID. 608(b). Crimes, wrongs, or other acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* TEX. R. EVID. 404(b)(2). The evidence may also be admissible to demonstrate the witness's bias or interest. *See* TEX. R. EVID.

613(b). Even relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403.

**Analysis**

Appellant's offer of proof established that Jane's outcry included allegations of sexual abuse against both Donald and Appellant, Jane's emotional state during the outcry could have been attributable to abuse by both men, and Beth was present to hear the allegations against her father. This evidence does not amount to either reputation or opinion evidence that could be used to attack a witness's credibility. *See* TEX. R. EVID. 608(a)(b). However, specific instances of a victim's conduct may be admissible to prove bias, self-interest, or motive for testifying. *See* TEX. R. EVID. 404(b)(2), 613(b); *see also Hammer*, 296 S.W.3d at 563. Appellant presented evidence that Jane outcried only after becoming angry with Appellant, thereby raising an inference that her allegations may have been false or retaliatory. The excluded evidence does not make it more or less probable that Beth or Jane falsified allegations against Appellant. *See* TEX. R. EVID. 401(a). There is no nexus, or logical connection, between the excluded evidence and any potential bias, motive, or interest against Appellant. *See Woods v. State*, 152 S.W.3d 105, 111-12 (Tex. Crim. App. 2004); *see also Hernandez v. State*, No. 03-13-00186-CR, 2014 WL 7474212, at *5 (Tex. App.—Austin Dec. 30, 2014, no pet.) (mem. op., not designated for publication).

Nor does the excluded evidence make it more or less probable that Appellant sexually abused Jane and Beth. *See* TEX. R. EVID. 401(a). The excluded evidence demonstrates that Donald may have been an additional perpetrator, but does not establish that Donald, instead of Appellant, sexually assaulted the girls. *See James v. State*, No. 03-12-00462-CR, 2014 WL 2957751, at *6 (Tex. App.—Austin June 27, 2014, pet. ref'd) (mem. op., not designated for publication). Additionally, the trial court could reasonably conclude that Appellant's proffered evidence had a tendency to distract the jury from the primary issues in the case. *See* TEX. R. EVID. 403; *see also Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007).

Under these circumstances, we conclude that the trial court's decision to exclude evidence of Jane's allegations against Donald was within the zone of reasonable disagreement, and not an abuse of discretion. *See Martinez*, 327 S.W.3d at 736. Because the trial court did not abuse its discretion by excluding Appellant's proffered evidence, we overrule his sole issue.

4

**DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2016

NO. 12-14-00266-CR

**RAYMOND SMITH, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0261)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*