**Affirmed and Memorandum Opinion filed February 25, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00994-CR

---

**TRAVIS NORMAN TRAINER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. MD-0377266**

---

## M E M O R A N D U M   O P I N I O N

A jury found Appellant Travis Norman Trainer guilty of resisting arrest. *See* Tex. Penal Code Ann. § 38.03 (Vernon 2016). In a single issue, Appellant argues the trial court erred by excluding from evidence an investigative report pertaining to the arresting officer. For the reasons below, we affirm.

### BACKGROUND

On the evening of November 26, 2017, the Dickinson Fire Department

responded to reports of a fire at Appellant's house. After Appellant became "irate" and "noncompliant," the firefighters requested police backup. Galveston County Sheriff Deputy Angela Kelley was dispatched to Appellant's residence.

Testifying at Appellant's trial, Deputy Kelley said she arrived at Appellant's house and saw a makeshift fire pit in the front yard. Deputy Kelley said everyone at the house was "extremely intoxicated" and Appellant was argumentative and yelling. According to Deputy Kelley, Appellant moved to the middle of the street and began arguing with a firefighter; at that point, Deputy Kelley attempted to place Appellant under arrest. Deputy Kelley said Appellant held his arms "together to his chest" where she was unable to handcuff him. When Deputy Kelley managed to place a handcuff on Appellant's left wrist, he yanked his arm away and caused minor injuries to Deputy Kelley's hand. Deputy Kelley handcuffed Appellant with assistance from one of the firefighters.

After Appellant was handcuffed, Deputy Kelley attempted to take him to her patrol car. Deputy Kelley said Appellant "leaned down and started dragging [her] back towards his house" while telling Deputy Kelley she "was not going to take him to jail." Deputy Kelley testified that Appellant "yanked" from her grasp and fell face-first into bricks placed around the fire. Deputy Kelley said Appellant briefly was unconscious and Emergency Medical Services was called for a possible head injury. After Appellant refused medical treatment, Deputy Kelley transported Appellant to jail.

Appellant testified he was not intoxicated when Deputy Kelley arrived at his residence. Appellant said he never stepped off his property while Deputy Kelley and the firefighters were at the scene. Appellant said Deputy Kelley handcuffed him behind his back, picked him up by the elbows, and threw him into the bricks on the ground. Appellant said he had a limited recollection of events that occurred

2

after he hit his head.

The jury found Appellant guilty of resisting arrest and assessed punishment at 30 days' confinement and a $500 fine. Appellant timely appealed.

## ANALYSIS

In a single issue, Appellant asserts the trial court erred by excluding evidence of a November 2015 investigative report of misconduct committed by Deputy Kelley. Discussing the report's contents, the trial court stated it found that Deputy Kelley had "violated the sheriff's office policy manual by use of force by placing an inmate in a suicide prevention without medical authorization."[1] Importantly, the trial court also stated the report concluded Deputy Kelley's actions exhibited a "lack of candor, [and a] failure to be accurate, complete and truthful."

Appellant argues on appeal that the evidence was admissible under Texas Rules of Evidence 404(b) and 613(b) to show Deputy Kelley's alleged motive, bias, or self-interest. We review the trial court's evidentiary ruling for an abuse of discretion. *Zavala v. State*, 401 S.W.3d 171, 176 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990)). We must uphold a trial court's evidentiary ruling if it is reasonably supported by the record and correct on any applicable theory of law. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

At trial, Appellant's counsel asserted the report was admissible because

---

[1] The investigative report is not included with the appellate record. Because the record contains a reasonably specific summary of the report's findings, we are able to evaluate Appellant's issue on appeal. *See* Tex. R. Evid. 103(a) (error may not be predicated upon a ruling which excludes evidence unless the substance of the evidence is apparent from the context); *see also Linney v. State*, 401 S.W.3d 764, 773 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

there were "significant parallels" between the incident described in the report and Deputy Kelley's interactions with Appellant. The trial court concluded (and Appellant's counsel agreed) that the report was intended to address Deputy Kelley's "credibility" and "character for truthfulness or untruthfulness." Under Texas Rule of Evidence 404(b), however, evidence "of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Tex. R. Evid. 404(b). The wrong at issue falls squarely within this prohibition and the trial court did not abuse its discretion in excluding the investigative report under Rule 404(b).

Appellant also argues the trial court erred under Texas Rule of Evidence 613 and that the court's exclusion of evidence tending to prove Deputy Kelley's character for untruthfulness violated constitutional guarantees "of effective cross examination, confrontation[,] and assistance of counsel." To preserve error regarding the exclusion of evidence, a party must (1) tell the trial court the evidence is admissible, and (2) explain why it is admissible. *See Vinson v. State*, 252 S.W.3d 336, 340 (Tex. Crim. App. 2008); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Roderick v. State*, 494 S.W.3d 868, 880 (Tex. App.— Houston [14th Dist.] 2016, no pet.). The explanation given at trial must match the one asserted on appeal. *Reyna*, 168 S.W.3d at 179. Appellant's arguments in the trial court failed to preserve the constitutional issues he now raises on appeal.

Here, Appellant did not challenge the admissibility of the evidence at issue on any grounds other than Texas Rule of Evidence 404(b). Specifically, Appellant did not raise any constitutional issues and did not assert the investigative report was relevant to show Deputy Kelley's alleged motive, bias, or self-interest under Texas Rule of Evidence 613(b). As a result, these complaints were not preserved for appellate review.

4

The trial court's exclusion of the investigative report is reasonably supported by the record and correct under the applicable legal theories. We conclude the trial court's ruling does not constitute an abuse of discretion.

We overrule Appellant's issue on appeal.

**CONCLUSION**

We affirm the trial court's final judgment.


/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Frost and Justices Wise and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).