

# NUMBER 13-24-00467-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRANCISCO SEPULVEDA,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

## ON APPEAL FROM THE 197TH DISTRICT COURT
## OF WILLACY COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

A jury convicted appellant Francisco Sepulveda of aggravated assault with a deadly weapon (count one), a first-degree felony, and assault family violence by impeding breath or circulation (count two), a second-degree felony. *See* TEX. PENAL CODE §§ 22.01(b-3)(3), 22.02(a)(2). The trial court sentenced Sepulveda to twenty-five years' imprisonment for count one and fifteen years for count two, and the sentences were

ordered to run concurrently. By two issues, Sepulveda argues that the trial court erred in prohibiting him from cross-examining the complainant regarding her pending criminal charges and admitting extraneous acts and relationship evidence. We affirm.

## I.    BACKGROUND

Officer Ramon Cruz with the Raymondville Police Department testified that he responded to a domestic disturbance on December 24, 2022. According to dispatch, Sepulveda was inside his vehicle, attempting to leave his home, and had a gun. When Officer Cruz arrived at the scene, he detained Sepulveda inside his patrol unit and entered the home. He noticed Yesenia Castaneda shaking and afraid. She appeared to have blood on the top of her head and had scratches and redness to her neck. Castaneda informed Officer Cruz she was assaulted. As Officer Cruz was trying to question Castaneda, Sepulveda began screaming from the patrol unit "due to the fact that [Officer Cruz] was speaking to [Castaneda]." Sepulveda was "irate," saying that Officer Cruz should not be speaking to Castaneda. Officer Cruz stated, "[h]e was screaming that I shouldn't be talking to his wife, that to him, he felt that I was trying to have a relationship with her," and Officer Cruz "could see that [Sepulveda] was jealous." Officer Cruz's body cam video was admitted into evidence.

Castaneda testified that on December 24, 2022, the couple agreed to meet at a hotel after Sepulveda got kicked out of two different bars for being intoxicated. When Sepulveda arrived, he informed her that he crashed into a parked vehicle, and he blamed her for the accident. Sepulveda then accused Castaneda of being involved with the neighbor in the hotel room next door. Castaneda denied knowing the man in the room next door, but Sepulveda "knock[ed] on the door and asked the gentleman if [she] was

2

with him." Castaneda testified that the neighbor appeared to be inside the hotel room with his wife.

According to Castaneda, she and Sepulveda entered their hotel room, and Sepulveda then tried to rape her and began choking her. She kicked him with her boot, but he pinned her down again. Castaneda testified that Sepulveda threatened to kill her and her son and brandished his weapon with his left hand. Sepulveda then punched her and struck her on the side of her face with his gun. When Castaneda began bleeding, Sepulveda got off of her and suggested they go to the hospital. Castaneda called 911, and EMS arrived to treat her. Photos of her injuries and photos of the blood spatter on the bed were admitted into evidence.

The jury convicted Sepulveda on counts one and two, and this appeal followed.[1]

## II. PRESERVATION

### A. Confrontation Clause

By his first issue, Sepulveda argues that the trial court improperly denied him the ability to cross-examine Castaneda regarding her pending criminal charges, thereby violating his right to expose her bias and impeach her credibility under the Confrontation Clause of the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI. The State argues that Sepulveda failed to preserve this issue.

"When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error." *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). In *Reyna*,

---

[1] The jury acquitted Sepulveda of attempted aggravated sexual assault (count three).

the appellant informed the trial court "that the purpose of admitting the evidence was to attack the victim's credibility, but he did not provide the basis for admitting the evidence." *Id.* The Texas Court of Criminal Appeals stated that appellant's "reference to 'credibility' could be a reference to either the Rules of Evidence or the Confrontation Clause," and "[i]t was up to the judge to discern some basis for admitting the evidence." *Id.* Because the appellant "'did not clearly articulate' that the Confrontation Clause demanded admission of the evidence, the trial judge 'never had the opportunity to rule upon' this rationale." *Id.* Accordingly, the Court concluded the appellate court erred in reversing the appellant's "conviction on a ground that he did not present to the trial judge." *Id.* at 180.

In this case, Sepulveda sought to admit evidence of Castaneda participating in a pretrial diversion program for allegedly "operating illegal gambling." Specifically, Sepulveda wanted to ask Castaneda about her continuing to operate "illegal gambling" in violation of her pretrial diversion conditions, which counsel argued was relevant to Castaneda's "credibility."[2] The State objected that the evidence was not admissible because Castaneda "has not been convicted of anything." *Cf.* TEX. R. EVID. 609 (providing that "[e]vidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted" under certain circumstances). The trial court sustained the State's objection, noting that Castaneda's alleged violation of pretrial diversion conditions "doesn't rise to the level of a conviction." *See id.*

Like the appellant in *Reyna*, Sepulveda "did not cite to any rules of evidence, cases, or constitutional provisions," and "did not argue that the Confrontation Clause

---

[2] Counsel further noted that an officer previously "testified that often, an abused victim goes back to her abuser because she has no means of supporting herself," and he argued the subject evidence was relevant because it showed Castaneda "does have means of supporting herself, illegal as they may be."

4

demanded admission of the evidence." *Id.* at 179. Because the trial court never had the opportunity to consider that rationale in evaluating whether to admit the evidence, we conclude Sepulveda did not preserve error on Confrontation Clause grounds. *See id.*; *Merrick v. State*, 567 S.W.3d 359, 371 (Tex. App.—Fort Worth 2018, pet. ref'd) ("Appellant's credibility arguments did not preserve his constitutional [Confrontation Clause] complaints for our review."); *Perry v. State*, 236 S.W.3d 859, 865 (Tex. App.—Texarkana 2007, no pet.) ("Because of the Texas Court of Criminal Appeals' opinion in *Reyna*, we have found that the constitutional right of confrontation was not preserved for appeal."); *see also* TEX. R. APP. P. 33.1(a)(1)(A). We overrule Sepulveda's first issue.

## B.    Relationship Evidence

By his multifarious second issue, Sepulveda argues that the trial court erroneously admitted evidence that he and Castaneda "had a prior romantic relationship and that [he] was allegedly jealous and possessive," and erroneously failed to provide a limiting instruction, resulting in egregious harm. Specifically, Sepulveda complains:

> [T]he trial court did not conduct a Rule 403 analysis on the record before admitting testimony from Officer Cruz that [a]ppellant had accused the complainant of cheating and acted jealously. These allegations were not tied to a specific date, were not part of the indictment, and were admitted during the State's case-in-chief without any articulated relevance to motive or intent. No instruction was given to the jury at the time of admission, and none was included in the final jury charge . . . . As a result, the jury was left to consider these prior bad acts for any purpose, including to infer guilt based on character conformity, which is precisely what Rule 404(b)(1) forbids.

However, Sepulveda does not cite any specific portions of the record or any specific testimony, and we are left to guess as to which statements he complains of. *See* TEX. R. APP. 38.1(i) (providing that an appellate brief must contain "a clear and concise argument

5

for the contentions made, with appropriate citations to authorities and to the record").

To the extent that Sepulveda complains of Officer Cruz's testimony that Sepulveda was irate and jealous that Officer Cruz was speaking to Castaneda, Sepulveda failed to object to the admission of this testimony. *See* TEX. R. APP. P. 33.1; *Morales v. State*, 222 S.W.3d 134, 146 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) ("An objection must be made under both rules 404(b) and 403 to preserve error regarding the admission of evidence of an extraneous offense."); *Williams v. State*, 290 S.W.3d 407, 410 (Tex. App.—Amarillo 2009, no pet.) ("To exclude extraneous offense evidence under Rule 403, the opponent must specifically request a Rule 403 ruling."); *Lopez v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ("[A] specific rule 403 objection must be raised to preserve error."). Sepulveda does not direct us to any portion in the record where he objected to this testimony, and our review reveals that Sepulveda did not object to this testimony. Accordingly, Sepulveda did not preserve this complaint for appeal.

Lastly, Sepulveda argues that the trial court failed to provide a limiting instruction to the jury. Again, we are unable to determine which specific statements Sepulveda argues warranted a limiting instruction. Nonetheless, the record provides that Sepulveda did not request a limiting instruction at any time, and we conclude that Sepulveda did not suffer egregious harm by any alleged failure. *See Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007) ("If the defendant fails to object or request an instruction before the trial court reads the charge to the jury, then error in the charge is reversible only if it causes 'egregious harm' to the defendant."). Accordingly, the trial court did not err in failing to provide one *sua sponte*.  We overrule Sepulveda's second issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
5th day of February, 2026.

7